UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISAEL APONTE,

                Plaintiff,

          -against-

MOUNT SINAI HEALTH SYSTEM; MOUNT
SINAI INNOVATION PARTNERS; ASHISH
ATREJA; ERIK LIUM; DOES 1-10,

              Defendants.

25-CV-9449 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's diversity of citizenship jurisdiction, alleging that Defendants violated his rights under state law. Plaintiff sues Mount Sinai Health System, Mount Sinai Innovation Partners, Ashish Atreja, and Erik Lum. By order dated January 15, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The purpose of the complaint is to tell the reader what unlawful things were done, when and by whom, the circumstances, the harm caused and the damage suffered by the victim(s), and the nature of the proof. That is not accomplished by listing the legal names of the claims, or filing a pile of evidence. Those are for trial. The complaint simply describes the case, and why it is in this federal court.

## BACKGROUND

The complaint in this action consists of one brief page of sentence fragments to which Plaintiff attaches more than 50 pages of email correspondence. Plaintiff states that he is a citizen of the State of California and asserts, "Defendants in NY, events in NY."[1] (ECF 1, at 1.) The "facts" section of the complaint states, in its entirety:

6. 2017: Atreja allocated **0.66% Commure shares** to Plaintiff (Ex. A).

7. Frenz 2023: Confirmed payout (Ex. B).

8. Plaintiff made **6 demands** (Ex. C-H).

9. Defendants ignored, then **retaliated** (Mar 26, 2025 letter, Ex. S).

10. Commure sale = **$6.7B**. Plaintiff's 0.66% = **$44.1M**.

11. Defendants without to protect $100M+ bonuses.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

(*Id.*)

Plaintiff asserts claims for breach of contract, promissory estoppel, retaliation under New York Labor Law § 215, and "declaratory judgment." (*Id.*)

Plaintiff seeks "$44.1M shares + $4.4M cash" by December 1, 2025, "$25M sanctions," and a temporary restraining order to "[f]reeze Commure inventor pool." (*Id.*)

Plaintiff attaches to the complaint more than 50 pages of email correspondence between various individuals, including the parties and non-parties to this action. The attachments do not include exhibit numbers or letters, and they are not otherwise labeled.

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

3

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff does not invoke federal question jurisdiction, and his allegations do not suggest any viable federal cause of action. The Court therefore lacks federal question jurisdiction of this action.

Plaintiff invokes the court's diversity of citizenship jurisdiction, but he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). For

4

diversity purposes, a limited liability company (an "LLC") is deemed to be a citizen of each State of which its members are citizens.[2] *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

To establish diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that he is a citizen of California. Plaintiff's sole allegation concerning the citizenship of Defendants is "Defendants (NY/DE)." (ECF 1, at 1.) Plaintiff does not provide residential address for individual defendants Atreja and Lium or allege facts demonstrating their states of domicile. With respect to institutional Defendants Mount Sinai Health System and Mount Sinai Innovation Partners, Plaintiff does not allege the corporate structure of each entity or any facts demonstrating the state or states of which they are citizens for diversity purposes. Furthermore, although Plaintiff seeks $69.1 million in damages, the minimal facts he pleads are insufficient to establish that his claims are worth more than the $75,000 jurisdictional minimum. Plaintiff has therefore not demonstrated that the Court has diversity of citizenship jurisdiction of this action.

Because Plaintiff has not alleged facts demonstrating that the Court has federal question jurisdiction or diversity of citizenship jurisdiction of this action, the Court dismisses his claims

---

[2] "Because a limited liability company is not a corporation, the rule for determining the citizenship of a corporation is inapplicable to determining the citizenship of a limited liability company." *Laguerre v. Related Mgmt. Co.*, 1:25-CV-5594 (LLS), 2025 WL 2998053, at *2 n.2 (S.D.N.Y. Oct. 24, 2025).

without prejudice for lack oof subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

**B.      Rule 8**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint consists of a few short sentence fragments that do not plausibly suggest a viable claim against any of the defendants. The complaint does not plead facts describing what exactly occurred and why Plaintiff believes that each of the named defendants violated his rights. His attachment to the complaint of voluminous email

6

correspondence—much of which is repetitive and lacks context—is not a substitute for a complaint consisting of well-pleaded factual allegations. If Plaintiff files an amended complaint, he must allege facts that support his claims and showing that he is entitled to relief against each named defendant.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts demonstrating that he has a viable cause of action of which the Court has subject matter jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court dismisses the complaint without prejudice for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

Case 1:25-cv-09449-JPC-KHP    Document 5    Filed 02/05/26    Page 8 of 8

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 3, 2026
          New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

8